UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:21-CV-00009-HBB

SHERRY C.[1]                                                                PLAINTIFF

VS.

KILOLO KIJAKAZI, ACTING COMMISSIONER
SOCIAL SECURITY ADMINISTRATION[2]                        DEFENDANT

MEMORANDUM OPINION
AND ORDER

BACKGROUND

Before the Court is the complaint (DN 1) of Sherry C. ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g).   Both the Plaintiff (DN 19) and Defendant (DN 24) have filed a Fact and Law Summary.    For the reasons that follow, the final decision of the Commissioner is **AFFIRMED**.

Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 15).   By Order entered September 1, 2021 (DN 16), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted.   No such request was filed.

---

1 Pursuant to General Order 22-05, Plaintiff's name in this matter was shortened to first name and last initial.

2 Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021.   Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted as the defendant in this suit.

FINDINGS OF FACT

On March 13, 2019, Plaintiff protectively filed applications for Disability Insurance Benefits and Supplemental Security Income (Tr. 15, 240-46, 247-54).   Plaintiff alleged that she became disabled on February 1, 2015, as a result of bipolar disorder, psychosis, and morbid obesity (Tr. 15, 77, 87-88, 107, 120, 263).   The applications were denied initially on July 9, 2019, and upon reconsideration on October 3, 2019 (Tr. 15, 103, 105, 138, 140).[3]   On October 22, 2019, Plaintiff filed a written request for hearing (Tr. 15, 189-91).

On July 9, 2020, Administrative Law Judge Karen R. Jackson ("ALJ") held a telephonic hearing from Lexington, Kentucky, due to the extraordinary circumstances presented by the COVID-19 Pandemic (Tr. 15, 32).   Plaintiff and her counsel, M. Gail Wilson, attended the hearing by telephone (Id.).   Jackie B. Rogers, an impartial vocational expert, also attended by telephone (Id.).

In a decision dated July 24, 2020, the ALJ evaluated Plaintiff's adult disability claims pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 15-24).   The ALJ noted that Plaintiff met the insured status requirements of the Social Security Act through September 30, 2015 (Tr. 18).   At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since February 1, 2015, the alleged onset date (Id.).   At the second step, the ALJ determined that Plaintiff has the following severe impairments: degenerative joint disease, obesity, bipolar disorder, post-traumatic stress disorder, panic disorder, and drug use disorder in remission (Id.).   The ALJ also determined that Plaintiff's hypertension, gastroesophageal reflux disease, hepatitis C, and diabetes mellitus are "non-severe" impairments

---

3 The ALJ indicates the applications were denied reconsideration on October 4, 2019 (Tr. 15).   As the Disability Determination and Transmittal forms indicate October 3, 2019 (Tr. 138, 140), the undersigned has used that date.

(Id.).   At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Id.).

At step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a) with lifting/carrying 10 pounds occasionally and less than 10 pounds frequently; standing/walking two hours in an eight-hour workday; sitting six hours in an eight-hour workday; occasionally climbing ramps or stairs; never climbing ladders, ropes or scaffolds; occasionally stooping, kneeling, crouching, or crawling; avoiding concentrated exposure to vibration and hazards such as unprotected heights or dangerous machinery; use a cane for ambulation; object-focused work environment in which contact with coworkers and supervisors is casual and occasional in a non-public work setting; simple, routine work tasks; can maintain attention and concentration for simple tasks for two-hour segments during an eight-hour workday; and able to adapt to gradual changes in a routine work environment (Tr. 20).   Additionally, the ALJ determined that Plaintiff is unable to perform any past relevant work (Tr. 23).

The ALJ proceeded to the fifth step where she considered Plaintiff's RFC, age, education, and past work experience as well as testimony from the vocational expert (Tr. 23-24).   The ALJ found that Plaintiff is capable of performing a significant number of jobs that exist in the national economy (Id.).   Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from February 1, 2015, through July 24, 2020, the date of the decision (Tr. 24).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 235-39).   The Appeals Council denied Plaintiff's request for review (Tr. 1-3).

<u>CONCLUSIONS OF LAW</u>

Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); <u>Cotton v. Sullivan</u>, 2 F.3d 692, 695 (6th Cir. 1993); <u>Wyatt v. Sec'y of Health & Human Servs.</u>, 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied.   <u>Landsaw v. Sec'y of Health & Human Servs.</u>, 803 F.2d 211, 213 (6th Cir. 1986).   "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way."   <u>Cotton</u>, 2 F.3d at 695 (quoting <u>Casey v. Sec'y of Health & Human Servs.</u>, 987 F.2d 1230, 1233 (6th Cir. 1993)).   In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility."   <u>Cohen v. Sec'y of Health & Human Servs.</u>, 964 F.2d 524, 528 (6th Cir. 1992) (quoting <u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-3).   At that point, the ALJ's decision became the final decision of the Commissioner.   20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision).   Thus, the Court will be reviewing the ALJ's decision and the evidence that was in the administrative record when the ALJ rendered the decision.   42 U.S.C. § 405(g); 20 C.F.R. § 404.981; <u>Cline v. Comm'r of Soc. Sec.</u>, 96 F.3d 146, 148 (6th Cir. 1996); <u>Cotton v. Sullivan</u>, 2 F.3d 692, 695-696 (6th Cir. 1993).

The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities.   42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income).   The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim.   See "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920.   In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the RFC to return to his or her past relevant work?

> 5)   Does the claimant's RFC, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fifth step.

<u>Finding No. 4</u>

Plaintiff argues the ALJ committed reversible error because she failed to discuss whether Plaintiff's mental impairments meet or equal Listing 12.03 Schizophrenia spectrum and other psychotic disorders (DN 19 PageID # 1043-45).   In support of her position, Plaintiff points out she "had consistent complaints of hallucinations and delusions about seeing her dead brother and hearing commands from him"; "[s]he also reported symptoms of anxiety with inability to leave the house"; and she "also was pulling her hair and had issues with hair loss" (<u>Id.</u> at PageID # 1043). Additionally, Plaintiff asserts that the ALJ failed to consider the adult function report of her sister in determining whether Plaintiff meets or medically equals Listing 12.03 (<u>Id.</u> at PageID # 1045).

Defendant acknowledges that the ALJ did not discuss Listing 12.03 (DN 24 PageID # 1062-63).   But Defendant argues that Plaintiff's argument concerning Listing 12.03 fails because it has the same "paragraph B" and "paragraph C" criteria as Listings 12.04, 12.06, and 12.15, and the ALJ found that Plaintiff failed to satisfy the "paragraph B" and "paragraph C" criteria for those Listings (DN 24 PageID # 1062-63).

In assessing whether Plaintiff had an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in Appendix 1, the ALJ considered the severity of Plaintiff's mental impairments, singly and in combination, and concluded that they do not meet or medically equal the criteria of Listings 12.04, 12.06, and 12.15 (Tr. 19).   This conclusion is based on the ALJ's finding that Plaintiff did not satisfy the "paragraph B" criteria

6

for these Listings because she had a mild limitation in understanding, remembering or applying information; a moderate limitation in interacting with others; a mild limitation in concentrating, persisting or maintaining pace; and a moderate limitation in adapting or managing oneself (Id.) (citing Exhibits B3E, B7E, B6F, B7F, and Plaintiff's hearing testimony).[4]   The above conclusion is also based on the ALJ's finding that the evidence fails to establish the presence of the "paragraph C" criteria (Id.) (citing Exhibits B3E, B7E, B6F, B7F, and Plaintiff's hearing testimony).[5]

Plaintiff does not challenge the ALJ's findings concerning the "paragraph B" and "paragraph C" criteria for Listings 12.04, 12.06, and 12.15.   This oversight is fatal to Plaintiff's claim because Listing 12.03 has the same "paragraph B" and "paragraph C" criteria as Listings 12.04, 12.06, and 12.15.   *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 12.03 Schizophrenia spectrum and other psychotic disorders; Listing 12.04 Depressive, bipolar and related disorders; Listing 12.06 Anxiety and obsessive-compulsive disorders; and 12.15 Trauma- and stressor-related disorders.   Thus, if the ALJ had discussed Listing 12.03, the outcome is identical.   The ALJ would have found that Plaintiff failed to satisfy the "paragraph B" and "paragraph C" criteria. For this reason, Plaintiff has identified a harmless error and is not entitled to relief.

---

4 There are four broad areas of function in "paragraph B."   20 C.F.R. §§ 404.1520a(c)(3), 416.920a(c)(3); 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.00E.   They are: "Understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself."   20 C.F.R. §§ 404.1520a(c)(3), 416.920a(c)(3); ; 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.00E1-4.   The four areas of mental functioning are evaluated on the following five-point rating scale: none, mild, moderate, marked, and extreme.   20 C.F.R. §§ 404.1520a(c)(4), 416.920a(c)(4); 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.00F2a-e. To satisfy the "paragraph B" criteria for Listings 12.04, 12.06, and 12.15, Plaintiff's mental impairments must cause at least "marked" limitations in at least two areas of mental functioning or cause an "extreme" limitation in at least one area of mental functioning.   *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.00F2, Listing 12.04 Depressive, bipolar and related disorders, Listing 12.06 Anxiety and obsessive-compulsive disorders, and 12.15 Trauma- and stressor-related disorders.

5 In making this determination, the ALJ noted that: Plaintiff underwent extensive psychiatric treatment related to drug abuse but has since remained sober with Suboxone and counseling; Plaintiff has watched her children at times; and Plaintiff has provided medical care for her boyfriend (Tr. 19-20) (citing Exhibits B3E, B7E, B6F, B7F, and Plaintiff's hearing testimony).

Finding No. 5

Next, Plaintiff raises several challenges the ALJ's RFC determination (DN 19 PageID # 1042-43, 45-47).   Essentially, Plaintiff accuses the ALJ of failing to fully consider the evidence concerning limitations imposed by her obesity, limitations imposed by her back and knee pain, the treatment records, the medications prescribed, the side effects of medications, and the combined effect of her impairments (DN 19 PageID # 1042-43, 45-47).

Defendant responds that the ALJ considered all of the evidence of record and the combined effect of Plaintiff's impairments in making the RFC determination (DN 24 PageID # 1064-68). While Plaintiff did not specifically address Plaintiff's medication side effects, the ALJ did discuss Plaintiff's medication changes and adjustments (Id.).

The RFC determination is the Administrative Law Judge's ultimate determination of what a claimant can still do despite his or her physical and mental limitations.   20 C.F.R. §§ 404.1545(a), 404.1546(c), 416.945(a), 416.946(c).   The Administrative Law Judge makes this finding based on a consideration of medical source statements, prior administrative medical findings, and all other evidence in the case record.   20 C.F.R. §§ 404.1529, 404.1545(a)(3), 404.1546(c), 416.929, 416.945(a)(3), 416.946(c).   Thus, in making the RFC determination the Administrative Law Judge must necessarily evaluate the persuasiveness of the medical source statements and prior administrative medical findings in the record as well as assess the claimant's subjective allegations.   20 C.F.R. §§ 404.1520c, 404.1529(a), 416.1520c, 416.1529(a).

Plaintiff's challenges to the ALJ's RFC essentially ask the Court to conduct a *de novo* review of the evidence of record, including her subjective complaints and statements by non-medical sources regarding pain and other limiting effects caused by Plaintiff's obesity, back

8

pain, and knee pain.   As explained above, the Court is limited to determining whether the findings

set forth in the final decision of the Commissioner are supported by "substantial evidence," 42

U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health &

Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were

applied.   Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986).   Thus,

in reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve

conflicts in evidence, nor decide questions of credibility."   Cohen v. Sec'y of Health & Human

Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir.

1984)).

To the extent that Plaintiff's argument may be construed as asserting substantial evidence

does not support the ALJ's assessment of the evidence, the undersigned will address Plaintiff's

contentions.   Finding No. 4, at step three, expressly indicates the ALJ considered the combined

effect of Plaintiff's impairments in assessing whether she meet or medically equals one of the

listed impairments in Appendix 1 (Tr. 18).   After setting forth the RFC determination (Tr. 20,

Finding No. 5), the ALJ discussed the evidence of record and explained how she reached her

conclusion (Tr. 20-22).   More specifically, the ALJ indicated as follows:

> The claimant alleges disability due to bipolar, psychosis, and
> obesity.   She maintains that she experiences anxiety and
> depression. She asserts that she pulls her hair out, experiences
> hallucinations, is afraid to be around others, and cannot leave the
> house except to go to doctors' appointments.   The claimant testified
> that she has been clean from drugs for five years with a relapse after
> her brother's death.   She takes Suboxone.   Exhibit B2E; Exhibit
> B3E; Exhibit B7E; hearing testimony.
>
> The claimant has indicated that she has gained weight due to
> medication and inability to leave her house.   She maintains that she
> experiences knee and back pain and uses a cane all of the time.   She

9

has estimated that she is able to walk 20 to 25 feet before needing to rest 5 to 20 minutes.   The claimant's sister has custody of her three school-aged children.   She has indicated that she has difficulty sleeping and requires reminders and help from her boyfriend to care for her personal needs.   On a typical day, she sits on the couch and watches television.   She picks up a little, prepares microwavable foods, and shops online.   Exhibit B3E; Exhibit B7E; hearing testimony.   The claimant's sister has indicated that the claimant cannot stand long and has to be reminded to do things.   She cannot sleep or be around strangers.   Exhibit B4E.

After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

As for the claimant's statements about the intensity, persistence, and limiting effects of his or her symptoms, they are inconsistent because the claimant's inpatient psychiatric treatment was related to substance abuse.   Exhibit B1F; Exhibit B2F; Exhibit B3F; Exhibit B11F.   The claimant has since done well with Suboxone.   In March 2017, she was doing well to the extent that she submitted employment applications.   While she subsequently put job hunting on hold, it was so she could watch her child as opposed to any reasons related to her medical condition.   The claimant subsequently cared for her boyfriend and sister after surgery, including her boyfriend's methicillin-resistant staphylococcus aureus, changing dressings and giving him antibiotics.   Exhibit B6F; Exhibit B7F.

The record contains May 2019 x-rays of the claimant's bilateral knees revealing no acute osseous findings or significant changes. Exhibit B5F.   June 2019 imaging of the claimant's right knee revealing mild degenerative changes.   Pursuant to contemporaneous consultative examination, the claimant was 64.5 inches and weighed 341 pounds.   While her primary care provider had prescribed her a quad cane, she demonstrated gait upright and steady, was stable at station, and was able to ambulate without the use of an assistive device.   The claimant reported that she had been ordered physical therapy but had not scheduled the sessions. Exhibit B4F.   The claimant has [treated] conservatively with her

primary care provider for knee pain on a few occasions in 2019. However, the record does not contain evidence of sustained or rigorous treatment for knee pain.   Nor has the claimant undergone any significant treatment specific to her obesity.   Exhibit B5F; Exhibit B8F.

The claimant has been noted to have suicidal thoughts when on drugs.   In June 2015, she indicated that she was addicted to opiates and methamphetamine.   In September 2015, she was using meth/speed and hydrocodone.   In October 2015, rule out malingering was noted, but the claimant made improvement with medication change.   In March 2016, the claimant was admitted to Haven House with psychosis in the context of amphetamine dependence and court-ordered treatment for substance abuse.   She also lived at the Hope Center and was noted to have improvement with medication.   Exhibit B1F; Exhibit B2F; Exhibit B3F; Exhibit B11F.   Since early 2017, the claimant has undergone Suboxone treatment.   She has reported difficulty with her children's behavior issues, cravings, and grief.   With medication adjustment at times, she reported watching her children, applying for work, and caring for her boyfriend.   The claimant admitted buying Suboxone off the street in July 2017 and taking her boyfriend's Klonopin in July 2019. Exhibit B6F; Exhibit B7F; Exhibit B10F.   In late 2019, the claimant reported that she continued to see her brother one to two times per day.   In March 2020, she was more depressed because of quarantine, but her children visited occasionally, and her medication kept her symptoms tolerable.   Exhibit B9F.

As for medical opinion(s) and prior administrative medical finding(s), the undersigned cannot defer or give any specific evidentiary weight, including controlling weight, to any prior administrative medical finding(s) or medical opinion(s), including those from medical sources.   The undersigned has fully considered the medical opinions and prior administrative medical findings as follows:

The undersigned finds the opinion of Jessica Henry, DNP, APRN, somewhat persuasive because it is supported by her examination of the claimant.   However, it is vague in that it does not define "excessive," "heavy," or "light" and indicates that the claimant "may" have certain limitations.   As such, the undersigned is unable to discern the extent to which the opinion is consistent with and/or supported by the other evidence of record.   Exhibit B4F.

11

> The undersigned finds the opinion of Angela Jessie, APRN, unpersuasive because it merely states that the claimant is disabled and therefore is ostensibly offered to be dispositive to the ultimate issue of disability, an issue reserved to the Commissioner.   Exhibit B7F.
>
> The undersigned finds the state agency consultants' assessments with regard to the claimant's Title II claim unpersuasive.   While they are consistent with one another, the record supports the conclusion that the claimant is limited as set forth above.
>
> The undersigned finds the state agency psychological consultants' assessments with regard to the claimant's Title XVI claim persuasive because they are consistent with one another and supported by the record as a whole.   The undersigned finds the state agency physical consultants' assessments with regard to the claimant's Title XVI claim unpersuasive.   While they are consistent with one another, the undersigned finds that the combined effect of the claimant's physical impairments limit him as set forth above, as supported by the objective medical evidence.
>
> Based on the foregoing, the undersigned finds the claimant has the above residual functional capacity assessment, which is supported by the claimant's ability to remain sober, her applying for work and caring for her children and boyfriend, the objective medical evidence, and the state agency psychological consultants' assessments with regard to the claimant's Title XVI claim.

(Id.).

The ALJ followed the two-step process when she determined there are underlying medically determinable physical impairments that could reasonably be expected to produce the alleged pain and other symptoms (Id.).   *See* Duncan v. Sec'y of Health & Human Servs., 801 F.2d 847, 853 (6th Cir. 1986).   But the ALJ found that Plaintiff's subjective statements concerning the intensity, persistence, and limiting effects of her symptoms were not fully supported by objective medical evidence of record concerning her impairments (Id.).   Therefore, the ALJ appropriately considered other information and factors that may be relevant to the degree or intensity of the pain

and other symptoms alleged by Plaintiff (Id.).   *See* 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). More specifically, the ALJ assessed Plaintiff's daily activities; the type and effectiveness of prescribed medications; the treatment that Plaintiff received for her conditions; and other factors concerning Plaintiff's functional limitations and restrictions due to pain or other symptoms (Id.). *See* 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

In the absence of detailed corroborating evidence of Plaintiff's subjective complaints, it becomes the duty of the ALJ to assess the degree to which Plaintiff suffers from the pain and other symptoms.   Since tolerance of pain and other symptoms is a highly individualized matter, the conclusion of the Administrative Law Judge, who has the opportunity to observe the claimant's demeanor, "should not be discharged lightly."   Houston v. Sec'y of Health & Human Servs., 736 F.2d 365, 367 (6th Cir. 1984) (citing Beavers v. Sec'y of Health, Educ. & Welfare, 577 F.2d 383 (6th Cir. 1978)).   The undersigned concludes that the ALJ's findings are supported by substantial evidence and fully comport with applicable law.   Thus, Plaintiff is not entitled to relief on her challenge to the ALJ's assessment of her RFC.

Finding Nos. 9, 10, and 11

Plaintiff identifies Finding Nos. 9, 10, and 11 in her memorandum, suggesting disagreement with them (DN 19 PageID # 1041).   But she has not explained why she disagrees with them (Id. at PageID # 1041-47).   It is well-established that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."   United States v. Layne, 192 F.3d 556, 566 (6th Cir.1999) (quoting McPherson v. Kelsey, 125 F.3d 989, 995-96 (6th Cir.1997)); *see also* Brindley v. McCullen, 61 F.3d 507, 509 (6th Cir.1995) (observing that "[w]e consider issues not fully developed and argued to be

13

waived."); <u>Rice v. Comm'r of Soc. Sec.</u>, 169 F. App'x 452, 453 (6th Cir. 2006).   In sum, Plaintiff

is deemed to have waived any claims she may have regarding Finding Nos. 9, 10, and 11.

Conclusion

As the Court noted previously, "[a]s long as substantial evidence supports the

Commissioner's decision, we must defer to it, even if there is substantial evidence in the record

that would have supported an opposite conclusion."   <u>Warner v. Comm'r of Soc. Sec.</u>, 375 F.3d

387, 390 (6th Cir. 2004).   Regardless of how this Court may view the evidence, it is not this

Court's place to re-try or re-evaluate the findings of the ALJ.   42 U.S.C. § 405(g).   Rather, this

Court is only to find if substantial evidence exists to support the ALJ's decision and if the ALJ

followed the applicable law.   <u>Id.</u>   After reviewing the record, the Court concludes that the ALJ's

determination is supported by substantial evidence in the record and correctly followed the

applicable law.   Therefore, Plaintiff is not entitled to relief with regard to her challenge.

ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED**.

August 22, 2022

H. Brent Brennenstuhl
United States Magistrate Judge

Copies:        Counsel

14